J-S44035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ELVIN RAFAEL MATEO :
:
Appellant : No. 1890 MDA 2019

Appeal from the PCRA Order Entered October 30, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005730-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED FEBRUARY 10, 2021**

Elvin Rafael Mateo (Appellant) appeals *pro se* from the order of the Court of Common Pleas of York County dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  For the reasons discussed herein, we will extend the amount of time Appellant has in which to file a merits brief; once Appellant has had a reasonable opportunity to conduct legal research, he may submit a brief for substantive review by this Court.

On May 20, 2016, at the close of Appellant's jury trial, he was convicted of first degree murder, conspiracy thereof, attempted first degree murder, and aggravated assault.[2]  He is serving a mandatory life sentence.  *See* 18 Pa.C.S. § 1102(a)(1).

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 903, 901(a), and 2702(a)(1), respectively.  On August 29, 2016, in addition to a mandatory life sentence, the trial court

This Court affirmed Appellant's conviction on direct appeal. ***Commonwealth v. Mateo***, 1784 MDA 2016 (unpub. memo) (Pa. Super. Sept. 22, 2017), *appeal denied*, 700 MAL 2017 (Pa. March 9, 2018).[3] Appellant filed his PCRA petition on March 5, 2019; his petition is thus timely. ***See*** 42 Pa.C.S. § 9545(b)(1).

Appellant has raised a number of issues questioning the PCRA court's dismissal of his petition and handling of counsel's letter of no merit[4] as well as several ineffectiveness claims. ***See*** Appellant's Brief at 1.[5] He is currently serving his life sentence at SCI Coal Township. He alleges that he currently has no access to his prison library due to restrictions imposed to address the COVID-19 pandemic. ***Id.*** at 3. He asks this Court to place this matter in administrative suspense or abeyance pending a return to normal operation of his prison. ***Id.*** at 4.

---

imposed sentences of 20 to 40 years' incarceration for conspiracy and attempt; Appellant's aggravated assault conviction merged for sentencing purposes.

[3] This Court also affirmed the conviction of Appellant's codefendant, Durell Cotton. ***Commonwealth v. Cotton***, 1843 MDA 2016 (unpub. memo) (Pa. Super. Oct. 10, 2017), *appeal denied*, 771 MAL 2017 (Pa. Apr. 17, 2018).

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v Finley***, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).

[5] Appellant has attempted to comply with this Court's briefing schedule by filing a brief, but substantively the brief is a plea for more time and (quite forgivably) lacks analysis of the legal issues he attempts to raise. Thus, though we cite "Appellant's Brief", we treat the brief as an application for extension of time in which to file a merits brief.

Appellant has made timely compliance with prior deadlines, such as the docketing statement filed with this Court and the statement per Pa.R.A.P. 1925(b) filed with the PCRA court. This Court has no reason to believe that Appellant is engaging in dilatory tactics, as he has demonstrated that he will comply with deadlines when possible. He is serving a life sentence, and seemingly has no motive to extend this litigation by causing delay. We also note that he is not proceeding *pro se* voluntarily, but has been forced to do so by counsel's withdrawal. We can see no disadvantage to the Commonwealth in providing Appellant the courtesy of additional time within which to file a responsive brief, given the unusual conditions that have been forced upon our correctional institutions by the pandemic.[6]

Appellant shall, as of the date of this memorandum, have ninety days in which to file a merits brief. When Appellant has filed a merits brief, the Commonwealth shall within sixty days thereof file with this Court either a responsive brief or a letter informing the Court that it will stand on the brief it has already filed.[7]

---

[6] President Judge Emeritus Bender provided essential input and analysis, for which the authoring Judge is grateful.

[7] We extend Appellant's briefing deadline without prejudice to any further similar extension requests. If, in ninety days, Appellant is unable to access the library, he shall continue to keep this Court informed by filing affidavits every ninety days. The affidavits must reflect accurately his current understanding of the nature and breadth of library restrictions. The affidavits will not automatically result in a grant of further extensions; however, we are loath to force a *pro se* litigant to proceed without counsel or any access at all to legal research materials. As long as Appellant is totally forbidden to access his prison library due to the pandemic rather than any other cause (for

Appellant shall file, within 90 days of the date of this memorandum, his brief in this matter. If Appellant's library access is not restored prior to the date his brief is due for filing and Appellant wishes to request a further extension on that basis, he shall file an affidavit containing an accurate description of his understanding of restrictions on his library access then in force, with a request for a further extension of time in which to file his brief. The Commonwealth may, within 60 days of the filing of Appellant's brief, file a responsive brief or a letter informing the Court that it will stand on the brief it has already filed.

Jurisdiction retained.

---

instance, disciplinary issues or the like), this Court will consider any reasonable extension request.